**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**RONALD SATISH EMRIT**                                                                                 **PLAINTIFF**

**v.**                                                                                 **CIVIL ACTION NO. 3:23CV304-MPM-RP**

**THE GRAMMY AWARDS doing business as
The Recording Academy/NARAS**                                                    **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION**</u>

The plaintiff Ronald Satish Emrit has filed this *pro se* action seeking the recovery of

damages against The Grammy Awards for violating the Civil Rights Act of 1964.   Because the

plaintiff is seeking leave to proceed *in forma pauperis*, his complaint is subject to screening

under 28 U.S.C. § 1915(e)(2), which provides for the *sua sponte* dismissal of the complaint if the

court finds it is "frivolous or malicious" or if it "fails to state a claim on which relief may be

granted."   The undersigned magistrate judge notes that this is the fourth civil action filed by the

plaintiff in this court in the last five months, and it appears that he has filed over three hundred

lawsuits in federal courts across the country.   All of the plaintiff's previous lawsuits in this court

have been dismissed as frivolous.   *See Emrit v. Pratt, et al.*, No. 3:23cv100-NBB-JMV; *Emrit v.

Jules*, 3:23cv101-MPM-RP; and *Emrit v. University of Miami School of Law, et al.,* 3:23cv102-

MPM-RP.   For the reasons below, the undersigned recommends that the plaintiff's complaint in

this case be dismissed on the same grounds.

A claim is frivolous if it "lacks an arguable basis either in law or fact."   *Neitzke v.

Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).   A claim lacks an

arguable basis in law when it is "based on an indisputably meritless legal theory."   *Neitzke,* 490

1

U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

In his complaint in this case, the plaintiff identifies a number of individuals he describes as "sick" but who nonetheless have been honored or befriended by The Grammy Awards, including Kanye West, R. Kelly, and Harvey Weinstein. The plaintiff alleges that he lost his membership in The Grammy Awards over a decade ago, and that more recently, he "tried to rejoin The Grammy Awards explaining that he would like to bring his Ukrainian fiancé to the Grammy Awards as she is currently a refugee in Poland worried about human trafficking issues." Likening himself to Emmitt Till (among other people), the plaintiff alleges he has experienced racism and white supremacy from The Grammy Awards and a certain Latino man at the Grammys' membership office in Los Angeles, which individual the plaintiff states "should 'go back to Mexico' if he cannot accept African-Americans in the music business." In his prayer for relief, the plaintiff requests damages in the total amount of $45,000,000 for The Grammy Awards' violation of the Civil Rights Act of 1964.

The undersigned finds that the plaintiff's complaint, like his other complaints previously dismissed by this court, is delusional and irrational and fails to state a claim that is plausible on its face. The plaintiff makes a conclusory allegation of racism and white supremacy but alleges

2

no supporting facts other than that The Grammy Awards has honored some "sick" men (most of whom, incidentally, are public figures known to be African American) and that he asked to bring his Ukrainian fiancé to the Grammy Awards.   No facts are alleged that would bring the plaintiff's complaint within the purview of the Civil Rights Act of 1964, which prohibits employment discrimination, segregation of schools and other public facilities, and discrimination in public places.   Further, even if the complaint states a plausible claim (it does not), venue is plainly improper in this court, as the defendant is not alleged to reside in this district and none of the allegations is related in any way to this district.   The undersigned RECOMMENDS that the plaintiff's complaint be DISMISSED with prejudice because it is frivolous and fails to state a claim on which relief may be granted.

As discussed above, the plaintiff has quite a history of filing frivolous lawsuits.   It appears he is determined to sue anyone and everyone who has displeased him in some manner, regardless of whether his claims are warranted under the law.   This is an abuse of the judicial process, and plaintiff's conduct appears to violate Federal Rule of Civil Procedure 11(b).

Federal courts have the authority to levy sanctions against *pro se* litigants and attorneys who violate Rule 11(b).   FED.R.CIV.P. 11(c); *Whitehead v. Food Max of Miss., Inc.,* 332 F.3d 796, 802-03 (5th Cir. 2003) (holding violation of any provision of Rule 11(b) justifies sanctions). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.   *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993).   *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."   *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir. 1986).   "No one, rich or poor, is entitled to abuse the judicial process.   Flagrant abuse of

the judicial process can enable one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Green v. Carlson,* 649 F.2d 285, 287 (5th Cir. 1981) (denying all of petitioner's petitions and motions, and prohibiting filing of further petitions or complaints accompanied by applications to proceed *in forma pauperis*, as sanction for petitioner's filing multiple frivolous petitions) (internal citations omitted). Because Plaintiff continues to abuse the judicial process and violate Federal Rule of Civil Procedure 11(b), the undersigned RECOMMENDS that the plaintiff be barred from filing any civil actions in this district without the prior approval of the Chief District Judge.

The plaintiff is referred to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b), and L. U. Civ. R. 72(a)(3) for the appropriate procedure in the event he desires to file an objection to these findings and recommendations. Objections are required to be (1) specific, (2) in writing, and (3) filed within fourteen (14) days of this date. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 14 days after being served with a copy bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1998), and (2) appellate review, except on grounds of plain error, of unobjected-to proposed factual findings and legal conclusions accept by the district court. . . ." *Douglass v. United States Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted).

This, the 14th day of September, 2023.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

4